PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DEBRA DICKSON, ) | |
| ) | CASE NO. 4:15cv353 |
| Plaintiff, ) | |
| ) | |
| v. ) | JUDGE BENITA Y. PEARSON |
| ) | |
| GENERAL ELECTRIC COMPANY, *et al.*, ) | |
| ) | **MEMORANDUM OF OPINION AND** |
| Defendants. ) | **ORDER** [Resolving ECF Nos. 5; 10] |

Pending before the Court is a motion to dismiss filed by Defendant General Electric Company ("General Electric"). ECF No. 5. For the reasons that follow, the Court dismisses Dickson's disability claim under the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*, without prejudice, dismisses Dickson's state law claims (for separate reasons) without prejudice, remands the case to the Trumbull County, Ohio Court of Common Pleas, and denies General Electric's motion to excuse attendance (ECF No. 10) as moot.

**I. Abandonment of Claims**

Plaintiff Debra Dickson filed a complaint in Trumbull County, Ohio Court of Common Pleas on January 16, 2015. ECF No. 1-1. Dickson alleges that Defendant Frank Barnhart subjected her to sexual assault and battery. *Id.* ¶ 29. Dickson also alleges that General Electric discriminated against her, and that she was subjected to harassment, on the basis of disability and gender. *Id.* ¶¶ 30–31. Dickson's complaint does not indicate whether she raises these claims

(4:15cv353)

under federal or state law.

Defendants timely removed the case to federal court. ECF No. 1. Defendants stated that the Court had original jurisdiction over the case because Dickson has raised a disability claim under the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* ECF No 1 ¶ 5. General Electric then moved to dismiss the claims that it believed[1] Dickson had asserted against it. ECF No. 5.

Dickson filed an opposition which responded to fewer than all of the arguments raised by General Electric. ECF No. 12. Relevant for the purposes of the instant order, Dickson did not respond to General Electric's arguments that her disability claims—including her presumed federal claims under the Americans with Disabilities Act—should fail. In the caption of her opposition to the motion to dismiss, Dickson asked, in the alternative, for leave to amend her complaint. Her request for leave to amend, however, is confined to the caption of her memorandum in opposition. In that pleading, she does not expound on that request for leave to amend nor even posit grounds for granting leave to amend. Also, there is no proposed amended complaint attached. *Id.* at 1. So, the Court is left uninformed of how the complaint may be revised.

In its reply, General Electric argues that Dickson has abandoned her claims for hostile work environment based on disability under state and federal law, gender discrimination under

---

[1] General Electric observed that Dickson's complaint failed to distinguish between the claims that she had asserted against General Electric and those she had asserted against Barnhart. ECF No. 5-1 at 2 n.3. Accordingly, General Electric assumed that Dickson had asserted all claims against both defendants. *Id.*

2

(4:15cv353)

state law, disability discrimination under federal and state law, and failure to accommodate under federal and state law. ECF No. 13 at 1–2.

In the Sixth Circuit, a plaintiff abandons her claim when she fails to address it in response to a dispositive motion. *Brown v. VHS of Michigan, Inc.*, 545 F. App'x 368, 372 (6th Cir. 2013); *Hicks v. Concorde Career Coll.*, 449 F. App'x. 484, 487 (6th Cir. 2011); *Clark v. City of Dublin*, 178 F. App'x. 522, 524–25 (6th Cir. 2006). Dickson does not defend her failure to accommodate, discrimination, and hostile work environment claims based on disability—the only claims indicated in the notice of removal as raising federal questions. ECF No 1 ¶ 5. The Court therefore declines to evaluate the merits of Dickson's disability claims and dismisses them without prejudice.

## II. Supplemental Jurisdiction

When considering whether to exercise supplemental, or pendent, jurisdiction over state law claims, the Court

> should consider the interests of judicial economy and the avoidance of multiplicity of litigation and balance those interests against needlessly deciding state law issues. The court also may consider whether the plaintiff has used manipulative tactics to defeat removal and secure a state forum, such as simply by deleting all federal-law claims from the complaint and requesting that the district court remand the case.

*Harper v. AutoAlliance Int'l, Inc.*, 392 F.3d 195, 211 (6th Cir. 2004) (internal quotation marks and citations omitted); *see also Gamel v. City of Cincinnati*, 625 F.3d 949, 952 (6th Cir. 2010). "When all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims, or remanding them to state court if the action was

3

(4:15cv353)

removed." *Id.* at 952 (internal quotation marks and citation omitted).

The Court finds that, balancing the interests described above, needlessly deciding state law issues weighs most heavily against the exercise of jurisdiction. Dickson's complaint alleges numerous state law claims against Defendant, which the Court finds can be capably decided in the Trumbull County, Ohio Court of Common Pleas. As this case is in its early stages, the exercise of supplemental jurisdiction is not necessary to avoid the multiplicity of litigation. The Court does not discern any manipulative tactics on Dickson's part to defeat jurisdiction.

Therefore, the Court, in its discretion, declines to exercise supplemental jurisdiction over Dickson's remaining state law claims. These state law claims, therefore, are dismissed without prejudice. *See* 28 U.S.C. § 1367(c)(3) ("The district court may decline to exercise supplemental jurisdiction over a claim . . . [if it] has dismissed all claims over which it has original jurisdiction."); *Williams v. City of River Rouge*, 909 F.2d 151, 157 (6th Cir. 1990) ("Where an action in federal court includes both federal and pendent state claims and the court dismisses the federal claims before trial on a motion for summary judgment, the pendent state claims are ordinarily dismissed as well."). Accordingly, it is appropriate for the Court to remand the case, including Dickson's request for leave to amend, to the Trumbull County, Ohio Court of Common Pleas.[2]

---

[2] In federal court, the liberal policy of granting leave to amend under Fed. R. Civ. P. 15 does not apply to a plaintiff's "one-sentence request." *Kuyat v. BioMimetic Therapeutics, Inc.*, 747 F.3d 435, 444 (6th Cir. 2014). "A request for leave to amend almost as an aside, to the district court in a memorandum in opposition to the defendant's motion to dismiss is . . . not a motion to amend." *Id.* (quoting *La. Sch. Emps.' Ret. Sys. v. Ernst & Young, LLP*, 622 F.3d 471, 486 (6th Cir. 2010)) (internal quotation marks omitted). Dickson does not mention the request

4

(4:15cv353)

### III.  Conclusion

For the reasons explained above, the Court hereby dismisses Dickson's complaint without prejudice.  Dickson's disability claims, including her claims under the Americans with Disabilities Act, are dismissed without prejudice as abandoned in her opposition.  *See* ECF No. 12.  Dickson's remaining state law claims are dismissed without prejudice because the Court declines to exercise supplemental jurisdiction.  *See* 28 U.S.C. § 1367(c)(3).  The Court remands the case to the Trumbull County, Ohio Court of Common Pleas, the state court from which it was removed.  General Electric's motion to excuse attendance (ECF No. 10) is denied as moot.

IT IS SO ORDERED.

| | |
|---|---|
| April 6, 2015 | /s/ Benita Y. Pearson |
| Date | Benita Y. Pearson |
| | United States District Judge |

---

for leave to amend in her opposition at all.  The only mention of leave to amend appears in the caption of the opposition.  Moreover, Dickson did not attach a proposed amended complaint to her opposition.  Although the docket reflects an earlier filed "Amendment of Complaint" (ECF No. 9), that pleading offers a single revision: "General Electric Company as shown in the caption and complaint should read General Electric International, Inc," and cannot be confused with a substantive amendment *of the* complaint.  Therefore, Dickson has not properly requested leave to amend in federal court.  *See Kuyat*, 747 F.3d at 444 (affirming denial of motion to amend when plaintiffs failed to present an adequate motion for leave and failed to attach a copy of their proposed amended complaint).  Dickson's request for leave to amend the complaint shall be remanded to the state court for determination of whether the motion is properly made as a matter of state law.

5